OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Strike the Gold, appeals from a final judgment of the Lake County Court of Common Pleas affirming the decision of appellee, the Willoughby Board of Zoning Appeals ("the board"), to revoke appellant's certificate of occupancy. For the reasons that follow, we reverse the judgment of the common pleas court and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} On March 21, 2001, appellant received a letter from Richard J. Smith, the Chief Building and Zoning Inspector for the city of Willoughby, informing the company that its certificate of occupancy had been revoked because it had failed to maintain a permitted retail establishment. Appellant appealed this decision to the board, which held a hearing on May 23, 2001. After considering the evidence presented by the parties, the board denied appellant's appeal, concluding that "instant bingo gambling [did] not constitute a retail sales use."
 {¶ 3} Appellant then filed an administrative appeal with the Lake County Court of Common Pleas pursuant to R.C. Chapter 2506. On October 23, 2001, the transcript of the proceedings conducted before the board was submitted as the record. Appellant, however, filed a motion with the common pleas court requesting an evidentiary hearing because: (1) the transcript did not contain all of the evidence admitted or proffered during the hearing; (2) the board failed to include its conclusions of fact supporting its decision; and (3) the company wanted to challenge the constitutionality of the zoning restrictions as applied to its property.
 {¶ 4} The common pleas court never ruled on appellant's motion, and the parties eventually submitted written arguments in support of and in opposition to the board's decision.[1] On July 10, 2002, the common pleas court issued a judgment entry affirming the board's order to revoke appellant's certificate of occupancy.
 {¶ 5} From this decision, appellant filed a timely notice of appeal with this court. The company now presents the following assignments of error for our consideration:
 {¶ 6} "[1.] The common pleas court erred to the prejudice of the plaintiff-appellant in denying his motion for a hearing.
 {¶ 7} "[2.] The common pleas court erred to the prejudice of the plaintiff-appellant in applying an incorrect standard of proof to the record on appeal.
 {¶ 8} "[3.] The common pleas court erred to the prejudice of the plaintiff-appellant when it found that there was substantial, probative, credible evidence upon which the Board of Zoning Appeals could base its decision."
 {¶ 9} Under its first assignment of error, appellant maintains that the common pleas court erred in failing to conduct an evidentiary hearing. In doing so, the company first argues that because it was questioning whether the city's zoning restrictions as applied to its property were constitutional, the court was obligated to conduct a hearing and give the parties the opportunity to present evidence on this issue. We agree.
 {¶ 10} Generally speaking, judicial review of an administrative appeal brought pursuant to R.C. Chapter 2506 is confined to the transcript and record of the board hearing filed with the common pleas court.Eckmeyer v. Kent City School. Dist. Bd. of Edn. (Nov. 3, 2000), 11th Dist. No. 99-P-0117, 2000 WL 1651308, at 5. An administrative agency, however, does not have the authority to determine whether an ordinance is constitutional. Roy v. Cleveland Bd. of Zoning Appeals (2001),145 Ohio App.3d 432, 436. As a result, when a party raises this issue as part of an administrative appeal the common pleas court is required to conduct a hearing because evidence as to this point would not have been presented before the board. Recreational Facilities, Inc. v. Hambden Twp.Bd. of Trustees (June 30, 1995), 11th Dist. No. 93-G-1819, 1995 WL 411739, at 5 (holding that "the constitutionality of [an] ordinance as applied to the property in question can be challenged as part of an appeal under R.C. Chapter 2506."). See, also, Pacific Financial Services of Am.Inc. v. Bd. of Zoning Appeals of Deerfield Twp. (Nov. 17, 1989), 11th Dist. No. 1997, 1989 Ohio App. LEXIS 4306, at 6.[2]
 {¶ 11} In its judgment entry, the common pleas court concluded that "appellant offered no argument in support of its second assignment of error (asserting that [the board] decision violated the appellant's constitutional rights). Therefore, appellant has failed to carry its burden of proof ***." Although it is true that appellant did not present evidence concerning the constitutionality of the zoning restrictions, it is also true that the company never had the opportunity to do so. In failing to grant appellant's motion for an evidentiary hearing, the common pleas court effectively precluded appellant from providing additional evidence on its claim that the ordinance was unconstitutional as applied in this case.
 {¶ 12} Appellant also contends that the common pleas court should have held a hearing because the record transmitted to the common pleas court did not contain all evidence admitted or proffered by the company, and because the board did not include its conclusions of fact with the transcript of proceedings.
 {¶ 13} As already discussed, the review of an administrative appeal is normally confined to the record filed by the administrative agency. That being said, if the record is deficient or incomplete, R.C.2506.03 requires the common pleas court to conduct a hearing. It provides:
 {¶ 14} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 15} "(1) The transcript does not contain a report of all evidence admitted or profferred [sic] by the appellant;
 {¶ 16} "***
 {¶ 17} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 {¶ 18} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
 {¶ 19} Accordingly, if a deficiency in the record is either facially apparent or is brought to the common pleas court's attention through an affidavit filed by the appellant, the court must hear the appeal upon the transcript of the proceedings and such additional evidence as any party may wish to introduce. Eckmeyer at 5. Stated differently, "[i]f the record created during the administrative proceeding below is defective, that is, if it falls under R.C. 2506.03(A)(1)-(5), the common pleas court must proceed as in the trial of a civil action." Summers v.Highland Hills, 8th Dist. No. 79175, 2002-Ohio-6802, at ¶ 37 (Karpinski, J., dissenting).
 {¶ 20} Appellant is correct that the board did not submit a transcript of the May 23, 2001 hearing. Instead, there is a summary of the proceedings that includes a synopsis of the witnesses and the testimony. The board also attached to the summary the exhibits that the parties introduced during the hearing.
 {¶ 21} Although the board failed to provide a complete transcript of the hearing, appellant did not file an affidavit detailing the evidence that it claims was not included. Accordingly, because the summary does not demonstrate that evidence was missing or omitted from the record before the common pleas court, we cannot say that appellant was prejudiced in any way. Pacific Financial Services at 10
 {¶ 22} That being said, a review of the record supports appellant's argument that the board neglected to file conclusions of fact. In these cases, the record of the proceedings not only must provide the transcript, but it must also include the reasons, i.e., factual conclusions, relied upon by the board. Here, the common pleas court had no way of determining what evidence the board found to be persuasive. Even the common pleas court recognized this deficiency. However, instead of conducting a hearing as required by R.C. 2506.03, the common pleas court simply stated that "neither party has presented evidence to the court outside of the record of proceedings below."
 {¶ 23} Therefore, because the board did not file its conclusions of fact supporting its decision, the common pleas court was required to hold a hearing and consider other evidence in addition to the transcript of the proceedings before the board.[3] Appellant's first assignment of error has merit to the limited extent indicated.
 {¶ 24} Our disposition of appellant's first assignment of error renders any analysis with respect to the second and third assignments moot. The judgment of the
common pleas court is reversed, and the matter is remanded for an evidentiary hearing consistent with this opinion.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] The common pleas court consolidated appellant's administrative appeal with a similar appeal in a separate case filed by Natural Health Foundation.
[2] We note that if a party is challenging the general constitutionality of a zoning ordinance, a separate declaratory judgment action must be filed. Recreational Facilities at 5.
[3] The board did provide a letter that it had mailed to appellant on May 24, 2001, in which it informed appellant that its appeal had been denied because "instant bingo gambling [did] not constitute a retail sales use."