OPINION
{¶ 1} Appellants, Betty Brown and Bob's A Team (collectively "Brown"), appeal from a Lake County Court of Common Pleas judgment that affirmed the decision of the Painesville Township Board of Zoning Appeals, ("BZA") denial of a use variance. The facts are as follows.
 {¶ 2} On June 3, 2003, Brown filed an application for a zoning certificate for a change of use for a five-acre parcel of property that is situated atop a 26-acre fly ash landfill. Fly ash is a by product of burning coal. Cleveland Electric Illuminating Company ("CEI") used the 26-acre site as a depository for fly ash until about 1988. Brown purchased the property in 1994. The fly ash formed a mound approximately forty-eight feet high with a plateau covering about 7-acres. The entire property was zoned I-2 heavy industry, which incorporates all I-1 manufacturing uses as well. Brown requested a change of use for the five-acre site on the plateau to permit development of a family cemetery. At the time, Brown was operating a construction business on part of the property, within the permitted use under the zoning classification. The zoning application was denied on June 4, 2003, because a family cemetery is not a permitted use in an I-2 district.
 {¶ 3} On June 10, 2003, Brown filed a request for a use variance for development of the family cemetery. The variance request was considered by the BZA at a hearing on July 8, 2003. At the hearing, Brown testified as to the reasons for requesting the variance. In addition, Brown was given the opportunity to present evidence relating to the variance request. Brown presented the testimony of a civil engineer, and other family members in support of the variance request. At the close of the hearing, members discussed whether Brown was entitled to the variance, as an unnecessary hardship. After analyzing the relevant factors, the board voted unanimously to deny the use variance application.
 {¶ 4} On September 12, 2003, Brown appealed the decision of the BZA to the Lake County Court of Common Pleas pursuant to R.C. Chapter 2506.01., et seq., and also contended that the zoning ordinance, as applied to her property, amounted to an unconstitutional taking. The transcript from the BZA hearing, exhibits, and the findings of fact and conclusions of law by the BZA were submitted to the court. On February 12, 2004, the court issued a judgment entry based upon the record and briefs, finding that the BZA decision was supported by a preponderance of reliable, probative, and substantial evidence, and accordingly upheld the denial of the use variance. The court did not render a decision as to Brown's claim of unconstitutional taking.
 {¶ 5} Brown filed a timely notice of appeal with this court raising two assignments of error:
 {¶ 6} "[1.] The Painesville Township Board of Appeals erroneously failed to issue Ms. Brown a variance when the literal enforcement of the terms of the applicable zoning ordinance results in an unnecessary hardship.
 {¶ 7} "[2.] The Painesville Township ordinance, as applied to Ms. Brown's five (5) acre parcel of real estate amounts to an unconstitutional `taking' of her property."
 {¶ 8} Initially, we note that in an administrative appeal, the court of common pleas functions primarily as an appellate court in reviewing administrative proceedings. Further, there is a presumption that a BZA's determination is valid, and the burden of showing any invalidity rests on the contesting party. C. Miller Chevrolet v. Willoughby Hills (1974),38 Ohio St. 2d 298, paragraph two of the syllabus.
 {¶ 9} The standard of review applied by the trial court in an administrative appeal is whether the decision of the administrative entity is supported by a preponderance of reliable, probative, and substantial evidence in the record to support the administrative agency's decision. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34; Dudukovich v.Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207; Fisher-Yan v.Mason (Sept. 22, 2000), 11th Dist. No. 99-G-2224, 2000 Ohio App. LEXIS 4352, at 9. Thus, when reviewing a denial of an application for a variance by a BZA, there is a presumption that the BZA's determination is valid, and the burden of demonstrating the invalidity of the BZA's decision rests on the contesting party. C. Miller Chevrolet paragraph two the syllabus. The court of common pleas may not substitute its judgment for that of the agency, especially in areas of administrative expertise.Dudukovich at 207, Community Concerned Citizens, Inc. v. Union Twp. Bd.of Zoning Appeals (1993), 66 Ohio St.3d 452, 456.
 {¶ 10} The scope of review for an appellate court is more limited. While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. Akwen, Ltd. v. Ravenna Zoning Bd. ofAppeals 11th Dist. No. 2001-P-0029, 2002-Ohio-1475, 2002 Ohio App. LEXIS 1494, at 9. Battaglia v. Newbury Twp. Bd. of Zoning Appeals (Dec. 8, 2000), 11th Dist. No. 99-G-2256, 2000 Ohio App. Lexis 5755, at 7. To affirm the decision of the common pleas court, the appellate court must find that, as a matter of law, it was supported by a preponderance of substantial, reliable, and probative evidence. Id. Unlike the common pleas court, which has the ability to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. Id. at 9.
 {¶ 11} Here, Brown applied for a use variance. A "use" variance is granted when a BZA permits the property to be used in a way not expressly or implicitly permitted by the relevant code. Fisher-Yan at 12. When determining the merits of a request for a use variance, the relevant inquiry is whether the particular zoning ordinance creates an unnecessary hardship with respect to the use of the property. Battaglia at 9. An unnecessary hardship occurs when it is not economically feasible to put a piece of property to a permitted use under its present zoning classification due to the property's unique characteristics. Id. "Unnecessary hardship does not exist unless the property is unsuitable for any of the uses permitted by the zoning resolution." (Emphasis added). In re: Appeal of Dinardo Constr., Inc. (Mar. 31, 1999), 11th Dist. No. 98-G-2138, 1999 Ohio App. LEXIS 1430, at 5.
 {¶ 12} The trial court found the BZA's decision to deny the variance request was supported by the evidence. The BZA determined there was no showing that the literal enforcement of the zoning resolution would result in unnecessary hardship. In its findings of facts and conclusion of law, the BZA found: (1) the property upon which applicant was seeking a variance for a family cemetery is zoned I-2 heavy industrial, and a family cemetery is not permitted in a I-2 district; (2) no competent, credible evidence was submitted to establish the inability of the applicant to use the property for other permitted uses, such as boat or RV storage, etc.; (3) any defect or other problems with the property existed at the time applicant purchased the property and were known to the applicant; (4) there were no problems associated with the property since the applicant acquired ownership.
 {¶ 13} In her first assignment of error, Brown argues that the expert testimony of Stephen J. Hovancsek ("Hovancsek"), a civil engineer, clearly demonstrated an unnecessary hardship. Hovancsek testified that the five-acre site had no economic viability based upon the condition of the property due to its use as a fly ash landfill. He also stated that the proposed cemetery use would be "very good because you're not going to put heavy loads on it." However, Hovancsek further stated that he had no knowledge of the permissible uses under the township's zoning classification for heavy industry uses, or the township master plan.
 {¶ 14} The I-2 heavy industry zoning classification ordinance lists permissible uses, and includes: "[s]imilar uses not listed above but with the approval by resolution of the Board of Township Trustees." The transcript from the BZA hearing indicates there was much discussion as to various alternative uses that might be appropriate for the five-acre site, under its present zoning classification. Brown testified that it was her desire to develop the property for the sole use as a family cemetery. However, interference with desires or plans for particular property is not sufficient to entitle the landowner to a variance.Eastlake v. Forest City Enterprises, Inc. (1976), 426 U.S. 668, Fn.8;CT Ornamental Iron v. Boardman Twp. Zoning Bd. of Appeals (1979) 7th Dist. No. 78 CA80, 1979 Ohio App. LEXIS 9160, at 6; O'Hara v. Kettering
(1978), 2nd Dist. No. 5870, 1978 Ohio App LEXIS 1094. Thus, Brown's argument is not well-taken.
 {¶ 15} Brown also contends that "the BZA, in essence, found a self imposed hardship." We disagree.
 {¶ 16} Testimony by Brown established that the character and condition of the property remained the same as when it was purchased, and that a portion of the site was being used for a business. There was no finding by the BZA that Brown was denied the use variance for a family cemetery on the basis of a self-imposed hardship. Thus, by way of our limited review we cannot address Brown's issue of self-imposed hardship. However, in the case sub judice, any inferred finding of self imposed hardship would be extraneous to the BZA's decision that Brown failed to meet her burden of showing an unnecessary hardship.
 {¶ 17} The authority of townships to grant variances under R.C.519.14(B), provides in pertinent part: "[a]uthorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]"
 {¶ 18} The common pleas court also reviewed the township's zoning resolution and found that "* * * [p]rivate cemeteries cannot be operated in the township."
 {¶ 19} The court concluded that the BZA properly balanced the competing interests of the benefits of the proposed private cemetery use against the public health, safety, and welfare derived from the existing zoning.
 {¶ 20} According to the transcript of the BZA hearing, considerations were articulated and weighed by the BZA at this hearing according to the standards set forth above. Thus, based upon the record, we cannot say the trial court erred as a matter of law in upholding the BZA's denial of the use variance. We also note the burden of overcoming the decision of the BZA, which is presumed to be correct, rests with Brown.
 {¶ 21} We find the common pleas court's judgment in upholding the BZA's denial of the variance request was supported by a preponderance of substantial, reliable, and probative evidence. Thus, Brown's first assignment of error is without merit.
 {¶ 22} In her second assignment of error, Brown contends that the zoning ordinance as applied to Brown's five-acre parcel of real estate is an unconstitutional taking.
 {¶ 23} It is well-established that a constitutional issue may be raised for the first time when a property owner appeals to a common pleas court pursuant to R.C. 2506.04 which states in part:
 {¶ 24} "The [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 25} Generally speaking, judicial review of an administrative appeal brought pursuant to R.C. Chapter 2506 is confined to the transcript and record of the BZA hearing filed with the common pleas court. R.C. 2506.03.
 {¶ 26} An administrative agency, however, does not have the authority to determine whether an ordinance is constitutional. Roy v. ClevelandBd. of Zoning Appeals, 145 Ohio App.3d 432, 436. As a result, when a party raises this issue as part of an administrative appeal, and upon request, the common pleas court is required to conduct a de novo hearing because evidence as to this point would not have been presented before the BZA. Recreational Facilities, Inc. v. Hambden Twp. Bd. of Trustees
(June 30, 1995), 11th Dist. No. 93-G-1819, 1995 Ohio App. LEXIS 2804, at 15, (holding that "the constitutionality of [an] ordinance as applied to the property in question can be challenged as part of an appeal under R.C. Chapter 2506"). See, also Pacific Financial Services of America,Inc. v. Bd. of Zoning Appeals of Deerfield Twp. (Nov. 17, 1989) 11th Dist. No. 1997, 1989 Ohio App. LEXIS 4306, at 6.[1]
 {¶ 27} Here, the trial court decided the case on the record and the briefs; no trial or hearing was conducted. We note that neither party requested a hearing on the unconstitutional taking claim, and Brown is not asserting an assignment of error as to any right to a hearing on the taking's claim in this appeal.
 {¶ 28} In its judgment entry, the court addressed Brown's challenge that the zoning classification operates as an unconstitutional taking as applied to her property "* * * [Brown] advance[s] two arguments: (1) the literal enforcement of the zoning ordinance results in an unnecessary hardship for [Brown], and (2) the zoning ordinance as applied to [Brown's] property amounts to an unconstitutional taking of the property."
 {¶ 29} In its analysis, the trial court correctly sets forth the test for determining whether a zoning regulation constitutes an unconstitutional taking as follows: "[a] taking can occur if either the zoning ordinance does not substantially advance legitimate state interest, or denies the property owner economically viable use of the land". Goldberg Cos., Inc. v. Richmond Hts. City Council,81 Ohio St.3d 207, 211, 1998-Ohio-207. This test is disjunctive, i.e., a compensable taking can occur either if the application of the zoning ordinance to the particular property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land. Satisfaction of either prong of the test establishes a taking. Shemo v. Mayfield Hts.,95 Ohio St.3d, 59, 63, 2002-Ohio-1627.
 {¶ 30} In reliance upon the record of the BZA appeals hearing, the trial court stated the following in its judgment entry: "[t]he boarddetermined that Brown's property was not denied all economic viable uses and that the ordinance advanced a legitimate state interest." (Emphasis added).
 {¶ 31} The trial court committed error by failing to reach the decision of constitutionality as an original action. In reaching a decision as to the constitutionality of a taking as applied, while the trial court may rely on evidence presented at the BZA hearing, the trial court cannot substitute its duty of responsibility for reaching a decision by deference to the BZA. This is axiomatic because the BZA has no jurisdiction to entertain constitutional arguments relative to application of the zoning ordinance. As such, the trial court committed error in failing to offer the opportunity for admission of new evidence as to the taking claim.
 {¶ 32} However, the failure of the court to hold a hearing on the issue of unconstitutional taking in the case sub judice is not prejudicial to the substantive rights of Brown.
 {¶ 33} In alleging a taking has occurred, the landowner is seeking compensation for a taking of the effected property. Goldberg, at ¶ 6.
 {¶ 34} Brown clearly states in her trial court and appellate court brief that she is not seeking compensation, to wit: "[a]t this point Brown is not seeking the township to purchase her property." Instead, Brown contends that the alleged taking justifies her claim of unnecessaryhardship in support of the variance. "This assignment of error is tohighlight * * * why her variance request should be granted." (Emphasis added).
 {¶ 35} Thus, in essence, Brown is not asserting a claim of an unconstitutional taking in both the common pleas court and in this appeal. We do not agree with Brown's argument that an alleged unconstitutional taking provides sufficient grounds to establish an unnecessary hardship. In an "unconstitutional taking" claim, there is a deprivation of use for which compensation is sought. By definition, variances are requests that applicable zoning ordinances be set aside because the proposed use, or present use, of the property is going to bepermitted and not be in compliance with zoning regulations. Nicholas Co.,Inc. v. Aurora Bd. of Zoning Appeals, 11th Dist. No. 2001-P-0155, 2002-Ohio-6922, at ¶ 18. For the foregoing reasons, Brown's second assignment of error is without merit.
 {¶ 36} Based upon the foregoing analysis, the assignments of error are without merit. We hereby affirm the judgment of the trial court.
O'Neill, J., concurs.
DIANE V. GRENDELL, J., concurs in judgment only with Concurring Opinion.
[1] If a party is challenging the general constitutionality of a zoning ordinance, a separate declaratory judgment action must be filed.Recreational Facilities at 5. Strike the Gold v. Bd. of Zoning Appeals,Willoughby (2003), 11th Dist. No. 2002-L-119, 2003-Ohio-5694.