{¶ 54} I concur with the majority with respect to appellants' first and second assignments of error. I dissent, however, with the majority's ruling on appellants' third assignment of error. This matter should be reversed and remanded for adjudication of appellants' constitutional issues.
 {¶ 55} Appellants assert that the common pleas court erred by denying them the opportunity to raise constitutional issues and to introduce evidence on those issues before entering judgment on their administrative appeal. The majority acknowledges that "issues of constitutionality can never be administratively determined." Mobil Oil Corp. v. Rocky River (1974),38 Ohio St.2d 23, 26. Incongruously, the majority concludes that, in order to preserve the constitutional issues for appeal, appellants were required to present their evidence on the constitutional issues at the administrative hearing.
 {¶ 56} Not only is this result incongruous, it is contrary to the prior decisions of this court. As this court recently explained, since "[a]n administrative agency * * * does not have authority to determine whether an ordinance is constitutional[,] * * * when a party raises this issue as part of an administrative appeal, and upon request, the common pleas court is required toconduct a de novo hearing because evidence as to this point wouldnot have been presented." Brown v. Painesville Twp. Bd. ofZoning Appeals, 11th Dist. No. 2004-L-047, 2005-Ohio-5608, at ¶26, citing, inter alia, Recreational Facilities, Inc. v. HambdenTwp. Bd. of Trustees (June 30, 1995), 11th Dist. No. 93-G-1819, 1995 Ohio App. LEXIS 2804, at *15 (holding that "the constitutionality of [an] ordinance as applied * * * can be challenged as part of an appeal under R.C. Chapter 2506"). See, also, Pacific Financial Services of America, Inc. v. Bd. ofZoning Appeals of Deerfield Twp. (Nov. 17, 1989), 11th Dist. No. 1997, 1989 Ohio App. LEXIS 4306, at *5-*6.
 {¶ 57} In Pacific Financial Services, this court noted that a common pleas court has the jurisdiction in an appeal under R.C. Chapter 2506 to determine constitutional issues. Id. at *5, citing State ex rel. Sibarco Corp. v. Berea (1966),7 Ohio St.2d 85. We then explained that "[u]nder this procedure, the appealing party raises the constitutional issue in conjunction with the appeal. Usually, in a Chapter 2506 appeal, the party cannot supplement the record with any new evidence. The common pleas court's decision must be based upon the transcript of the board meeting, unless certain exceptions apply. See, R.C.2506.03. But when the constitutional issue is also raised in the appeal, a de novo hearing on that issue must be held upon the request of either party." Id. at *6 (citations omitted).
 {¶ 58} In the present case, appellants attempted to raise the constitutional issues at the August 23, 2002 hearing. Appellants' counsel addressed the court, stating that, if allowed, they would introduce evidence "concerning service or process [sic] * * * or lack of it, which would go to notice and opportunity to be heard concerning actual treatment of other licenses * * * for an equal protection argument." The court understood that two distinct questions were before it, one regarding title to the property and the other regarding "the constitutional issues." The court further noted that, if appellants prevailed on the issue of title, the constitutional issues need not be addressed. Counsel for the State agreed with the court and appellants' counsel's assessment of the situation: "Your honor is absolutely right, the issue is two issues. * * * [I]f your honor chooses to allow evidence as to Mr. Lomaz's notice or lack thereof, then we would request that we be allowed to put on evidence or at least cross-examine Mr. Lomaz as to his receipt of notice * * * and I won't go further than that because it is not evidence in the record at this point. In conclusion, as far as the Constitution [sic], Mr. Ludwig is correct, the issue of constitutionality cannot be brought up before the Hearing Officer."
 {¶ 59} The trial court ordered the parties "to brief the issue of the ownership of the property * * *. We're going to decide that first. Then I will make a decision as to whether or not additional evidence [on the constitutional issue] is needed." As the majority acknowledges, the court issued a final judgment on July 13, 2004 without addressing the constitutional issues or allowing new evidence.
 {¶ 60} The majority construes appellants' constitutional challenge as "a factual challenge to SFM's procedure, not alegal challenge to the constitutionality of the statutes in question." See ¶ 47 (emphasis sic). However, "as applied" challenges to particular ordinances or to applications thereof may be raised for the first time in administrative appeals.Brown, 2005-Ohio-5608, at ¶ 31 ("[t]he trial court committed error by failing to reach * * * a decision as to the constitutionality of a taking as applied"); RecreationalFacilities, 1995 Ohio App. LEXIS 2804, at *15 ("the common pleas court should have held a separate hearing" on appellant's challenge to the constitutionality of a zoning ordinance "as it applied to [a] particular property"). As the Ohio Supreme Court has confirmed, "[i]t is not fatal to [an appeal under R.C. Chapter 2506] that the constitutional claim was not initially argued before the administrative officer or board, for the issue of constitutionality can never be administratively determined."Mobil Oil Corp. v. Rocky River (1974), 38 Ohio St.2d 23, 26. The right to raise constitutional issues in an administrative appeal applies to "as applied," equal protection, and due process challenges as well as to "facial" challenges to a statute's constitutionality. Planet Earth Entertainment, Inc. v. OhioLiquor Control Commission (1998), 125 Ohio App.3d 619, 622
("[t]he issue of the constitutionality and procedural due process relating to the [administrative] hearing is a question of law").
 {¶ 61} Nor can I concur with the majority's conclusion regarding the merits of appellants' constitutional challenge. Appellants have not been permitted, at any stage in these proceedings, to articulate their precise arguments or to present evidence in support, despite being told by the trial court that they would be given the opportunity. Regardless of whether appellants were denied due process at the administrative level, they are entitled to due process before the trial court.
 {¶ 62} Appellants' constitutional issues should have been addressed by the court below.
 {¶ 63} For that reason, appellants' third assignment has merit and this matter should be reversed and remanded for adjudication of appellants' constitutional issues.