DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James F. Brunn, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} This appeal arises out of the dismissal by the Medina County Court of Common Pleas of Appellant, James F. Brunn's administrative appeal for lack of jurisdiction. More specifically, the trial court determined that Brunn failed to properly serve Appellees, Litchfield Township Board of Zoning Appeals, et al. ("BZA"), with his notice of administrative appeal. The record reflects that Brunn *Page 2 
had served the notice of appeal on one of the Litchfield Township Trustees at the Litchfield Township Hall. The trial court held that service on one of the Litchfield Township Trustees did not equate to service on the BZA. Brunn timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT [BRUNN] HAD NOT PROPERLY PERFECTED SERVICE OF HIS NOTICE OF ADMINISTRATIVE APPEAL."
 {¶ 3} In Brunn's sole assignment of error, he contends that the trial court erred in finding that he had not properly perfected service of his notice of administrative appeal. We disagree.
 {¶ 4} R.C. Chapter 2506 governs administrative appeals of a final order, adjudication, or decision of a township board of zoning appeals.Grissinger v. LaGrange Zoning Bd. (Mar. 14, 2001), 9th Dist. No. 00CA007682, at *2. R.C. 2505.04 sets forth the procedure for perfecting such an appeal. Where a right of appeal is conferred by statute, the appeal can only be perfected in the mode set forth in that statute.Griffith v. J.C. Penney Co., Inc. (1986), 24 Ohio St.3d 112, 113. Pursuant to R.C. 2505.04,
 "An appeal is perfected when a written notice of appeal is filed * * *, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." (Emphasis added.) *Page 3 
 {¶ 5} A trial court does not sit as a trier of fact in an administrative appeal; rather, when reviewing an administrative appeal, a trial court may not substitute its judgment for that of the agency unless there is a lack of a preponderance of reliable, probative, and substantial evidence to support the agency's decision. Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 35; see, also, R.C. 2506.04.
 {¶ 6} Here, Brunn appealed the BZA's decision to the trial court. The BZA filed a motion to dismiss Brunn's administrative appeal, asserting that the appeal had not been properly perfected under R.C. 2505.04
because the notice of appeal had not been duly filed with the BZA. Upon review, the trial court granted the BZA's motion to dismiss Brunn's administrative appeal. Brunn appealed the trial court's decision to this Court.
 {¶ 7} The Ohio Supreme Court has held that
 "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is more limited in scope. This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on questions of law, which does not include the same extensive power to weigh the preponderance of substantial, reliable and probative evidence, as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Emphasis sic.) (Internal citations and quotations omitted.) Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147. *Page 4 
 {¶ 8} We review administrative appeals under R.C. 2506.04 for an abuse of discretion. Witschey v. Medina Cty. Bd. of Commrs.,169 Ohio App.3d 214, 2006-Ohio-5135, at ¶ 14. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 9} Clearly, the filing of a notice of appeal with the administrative board under R.C. 2505.04 is essential to vesting the common pleas court with jurisdiction over the administrative appeal.Chapman v. Hous. Appeals Bd. (Aug. 13, 1997), 9th Dist. No. 18166, at*2. If an administrative appeal is not so perfected, the common pleas court lacks jurisdiction, and the appeal must be dismissed. McMaster v. AkronHous. Appeals Bd. (Aug. 12, 1992), 9th Dist. No. 15462, at *1; see, also, Young Israel of Beachwood v. Beachwood (2000), 138 Ohio App.3d 89,91.
 {¶ 10} Brunn contends that service on one of the Litchfield Township Trustees with multiple copies of his notice of administrative appeal met the appeal perfection requirements under R.C. 2505.04. He notes that Litchfield Township ("the Township") maintains no regular business hours which, consequently, leaves an administrative appellant "in limbo" as to where he or she should file an *Page 5 
administrative appeal. He claims that R.C. 2505.04 does not proscribe a specific method of delivery of a notice of administrative appeal. He argues that just because the method of delivery is unusual does not mean it is illegal.
 {¶ 11} This Court has held that the specific language in R.C. 2505.04
requires that a notice of appeal must be filed with the administrative agency from which the appeal is taken. Thrower v. Akron Dept. of HealthHous. Appeals Bd, 9th Dist. No. 21061, 2002-Ohio-5943, at ¶ 18. The filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. Id., citingDudokovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 204;Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals (1988),55 Ohio App.3d 124, 125. R.C. 2505.04 specifically requires that an appellant file the notice of appeal with the agency involved. We have held that the provisions regarding the perfection of an appeal are mandatory and that we do not have authority to adopt a "`substantial compliance'" test. Harris v. Akron Hous. Appeals Bd, 9th Dist. No. 21197, 2003-Ohio-724, at ¶ 8, quoting Chapman v. Hous. Appeals Bd. (Aug. 13, 1997), 9th Dist. No. 18166. Consequently, we find that Brunn was required to file his notice of appeal with the agency involved herein — the BZA.
 {¶ 12} Other than citing the lack of set hours of the township hall, Brunn has provided no justification for his failure to serve any of the BZA board members. See Hanson v. Shaker Hts., 152 Ohio App.3d 1,2003-Ohio-749, at ¶ 16 *Page 6 
(filing notice of appeal with any of the BZA members will satisfy the filing burden). Brunn has not established that he could not locate any of the BZA members' addresses or phone numbers through which he could have, among other options, (1) brought the notice to one of their houses, (2) mailed the notice of appeal to any one of them or (3) asked one of them to meet him somewhere to pick up the notice. Furthermore, he has not explained why he could not perfect service by mailing his notice of appeal to the Township's address in care of the BZA.
 {¶ 13} Brunn cites several cases in support of his contention, although he notes that he has been unable to find any cases directly on point. Brunn specifically cites McCormick v. Wellston Bd. of ZoningAdjustment (Oct. 18, 1982), 4th Dist. 463, and Smola v. Legeza, 5th Dist. No. 2004-A-0038, 2005-Ohio-7059, for the proposition that service may properly be perfected by delivering the legal document "to the only known place for deliveries to the BZA." Neither of these cases is binding authority as each one was decided by our sister districts. Moreover, these cases are factually distinguishable from the within matter.
 {¶ 14} In McCormick, the Fourth District Court of Appeals determined that a notice of appeal could be served by the county clerk of courts on the board of zoning via certified mail. The record reflects that no such service occurred in this case as Brunn personally served notice on one of the Litchfield Township Trustees at the Litchfield Township Hall. Unlike the notice of appeal at issue in *Page 7 McCormick, here the notice of appeal was not served on the BZA or any of the BZA board members either personally or via the county clerk of courts. See R.C. 2505.04.
 {¶ 15} In Smola, the zoning inspector's office received the notice of appeal for the BZA. Smola, supra, at ¶ 16. The BZA in Smola did not have its own office and consequently, the zoning inspector's office regularly received such documents on behalf of the BZA. Id. In contrast, here, Brunn did not serve his notice of appeal on the zoning inspector's office, he served his notice on one of the township trustees. Moreover, there is no evidence that the township trustee regularly received documents on behalf of the BZA. Accordingly, we find no abuse of discretion in the trial court's decision dismissing Brunn's appeal for lack of jurisdiction. Brunn's sole assignment of error is overruled.
 III. {¶ l6} Brunn's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 8 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. CARR, J. CONCUR *Page 1